UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 06-30-DCR |
| V. | ) ) | |
| JESSICA LEA LUCAS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Jessica Lea Lucas' motion for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("U.S.S.G.") § 1B1.10(c). [Record No. 34][1]  As outlined below, the motion for a sentence reduction will be denied because the guideline range, as calculated both before and after the effective date of the guideline amendments, remains the same (46 to 57 months).

**Relevant Facts**

Following entry of a guilty plea to a one count Information, Defendant Jessica Lea Lucas was sentenced by the undersigned on November 20, 2006, to a term of 36 months of imprisonment with a five-year term of supervised release to follow. [*See* Judgment; Record No. 29.] As outlined more fully in her Presentence Investigation Report ("PSR") [Record No. 31],

---

[1]  A similar motion was filed by Lucas on December 14, 2007. The Court denied that motion as premature on December 26, 2007, because the amendment to the USSG upon which she relies does not become effective until March 3, 2008. [Record No. 33] Notwithstanding this fact, Lucas again seeks a reduction in her sentence prior to the amendments' effective date. Rather than again deny the motion as premature, the Court will consider it on the merits.

Lucas' guideline range of imprisonment was 46 to 57 months. [*See* PSR, ¶ 59; Record No. 31.] However, because the Defendant received the benefit of a motion filed by the United States pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."), the Court imposed a sentence below her guideline range. After considering the guideline range and all other relevant factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of imprisonment of 36 months as noted above.

Lucas claims that the recent amendments to the guidelines for convictions based upon quantities of crack cocaine will effectively reduce her base offense level from level 32 to level 30. In calculating the Defendant's guideline range at the time of sentencing, the Court applied the base offense level for the drug quantity of 50 to 150 grams of cocaine base. The base offense level for this quantity of crack cocaine ordinarily would be 32. However, because the Court concluded that Lucas qualified for a role reduction, the initial base offense level was reduced from 32 to 30. [*See* PSR, ¶ 19; Record No. 31] With respect to this issue, the Court adopted the following calculation from paragraph 19 of the Defendant's PSR:

> **Base Offense Level:** The United States Sentencing Commission guideline for violation of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1. According to the Offense Conduct Section, this defendant's criminal activity was conspiring to possess with intent to distribute approximately 120.1 grams of cocaine base. The offense level specified in the **Drug Quantity Table** under U.S.S.G. § 2D1.1(c)(4), sets a base offense level of 32 for offenses involving at least 50 grams but less than 150 grams of cocaine base. However, pursuant to U.S.S.G. § 2D1.1(c)(3)(A)&(B),[2] because the defendant receives a mitigating role

---

[2] The proper guideline reference is U.S.S.G. § 2D1.1(a)(3)(A)&(B) (effective November 1, 2006). This section provides that if the Base Offense Level to be applied for the drug quantity specified in the Drug Quantity Table is 32, and the defendant receives a mitigating role adjustment, decrease the Base Offense Level by 2 levels.

>   adjustment under § 3B1.2; and the base offense level under subsection (c) is level 32, the offense level is decreased 2 levels.

*Id.* In addition to reducing the Defendant's base offense level in paragraph 19, the Court further reduced the offense level by: two levels pursuant to U.S.S.G. § 2D1.1(b)(9) [*see* PSR, ¶ 20; Record No. 31]; two levels for her role in the offense pursuant to U.S.S.G. § 3B1.2(b) [*see* PSR, ¶ 22; Record No. 31]; and three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) [*see* PSR, ¶ 25; Record No. 31]. In summary, in addition to her other reductions, the Defendant received *four* levels of reduction from what would have been a base offense level of 32 based on the fact that she qualified for the safety valve.

After the effective date of the recent amendments, the beginning base offense level will be a level 30 as Lucas suggests in her motion. However, she will not receive an effective four level reduction for her role in the offense. Instead, her base level as set forth in paragraph 19 will remain a level 30. Following the effective date of the guideline amendments, U.S.S.G. § 2D1.1(a)(3) now provides that the Court should reduce the Base Offense Level by two levels "if (A) the defendant receives an adjustment under § 3B1.2(Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32 . . ." In other words, following the amendments, the base offense level is now 30 – not 32. Therefore, the additional two level reduction for a mitigating role will not be applied in determining the initial base offense level.[3] Because Lucas will not receive a double benefit for a mitigating role reduction after the crack cocaine amendments are applied, her Total Offense Level will remain 23.

---

[3] The Court notes that the Defendant will still receive the two level reduction under U.S.S.G. § 3B1.2(b) as recognized in paragraph 22 of her PSR. [*See* PSR, ¶ 22; Record No. 31.]

In summary, because the Defendant's original guideline range of 46 to 57 months is not affected by the crack cocaine amendments, the amendments will not result in a reduction of her sentence. Simply stated, both before and after the amendments, Lucas' guideline range of imprisonment remains the same. (*See* "Exclusions" listed in U.S.S.G. § 1B1.10(a)(2) ("[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").) Accordingly, it is hereby

**ORDERED** that the Defendant's motion for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) [Record No. 34] is **DENIED**.

This 28th day of February, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge